IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Select Medical Rehabilitation Services, Inc., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 12-cv-4662 |
| Morris Healthcare & Rehabilitation Services, Inc., an Illinois corporation, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Select Medical Rehabilitation Services, Inc. (referred to herein as "Select Medical"), through counsel Segal McCambridge Singer & Mahoney, Ltd., states as follows for its Complaint against Defendant Morris Healthcare & Rehabilitation Services, Inc. (referred to herein as "Morris Healthcare"):

### NATURE OF THE ACTION

1. Plaintiff Select Medical is a contractor that furnishes therapy services to medical providers and other facilities. Morris Healthcare operates a licensed skilled nursing facility that furnishes nursing care to residents.

2. These parties entered into a contract pursuant to which Select Medical agreed to furnish therapy services to patients of Morris Healthcare, in exchange for compensation. While Select Medical upheld its end of the bargain by furnishing the requested services, Morris Healthcare has repeatedly failed to compensate Select Medical, even though Select Medical provided Morris Healthcare with several opportunities to cure. Accordingly, Select Medical

1

hereby seeks recovery for the damages it has sustained as a result of Morris Healthcare's material breach.

## PARTIES

3. Plaintiff Select Medical is a contractor who employs or otherwise engages licensed professionals who furnish speech-language pathology, physical and occupation therapy services to medical providers and other facilities.

4. Morris Healthcare operates a licensed skilled nursing facility that furnishes nursing care to residents who are in need of therapy services that are not directly available from Morris Healthcare.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §1332.

6. Plaintiff Select Medical has its principal place of business located in Clearwater, Florida, is incorporated in Delaware, and therefore is a citizen of Delaware and Florida.

7. Defendant Morris Healthcare was incorporated in Illinois, has its principal place of business in Illinois, and therefore is a citizen of Illinois.

8. The parties are diverse in citizenship.

9. The amount in controversy exceeds $75,000, exclusive of interests and costs.

10. Pursuant to 28 U.S.C. § 1391(a), venue is proper in this District because Defendant executed and performed the subject agreements in this District, and a substantial part of the events giving rise to the suit occurred here.

**FACTS COMMON TO ALL COUNTS**

11.     On or about June 28, 2011, Select Medical and Morris Healthcare entered into a Therapy Services Agreement. (the "Agreement" is attached as "Exhibit A").

12.     Select Medical agreed to furnish rehabilitation services to patients of Morris Healthcare in exchange for compensation as outlined in the payment provision of the Agreement.

13.     The Agreement further obligates Morris Healthcare to pay interest at a rate of fifteen percent (15%) per annum for the late payment of amounts due and owing under the Agreement.

14.     The Agreement further states that, in an action to enforce the terms of the Agreement, the prevailing party "shall be paid by the other party its reasonable attorneys' fees, as well as court costs." (¶ 20; Ex. A).

15.     The Agreement states that it will be governed by the law of the state in which Morris Healthcare's licensed nursing facility is located, in this case Illinois. (¶ 18; Ex. A).

16.     On February 7, 2012, Select Medical served a 10-day written notification of intent to terminate the Agreement, effective February 19, 2012, due to Morris Healthcare's failure to pay Select Medical for services provided. (A copy of the February 7, 2012 Termination Notice is attached as "Exhibit B").

17.     At the time of the February 7, 2012 Termination Notice, Morris Healthcare owed Select Medical $379,264.64 for services provided through January 31, 2012, an amount which did not include what Morris Healthcare owed for services provided during February, 2012. (*Id.*)

18.     On February 22, 2012, Select Medical served a revised Termination Notice, confirming the agreement of the parties to extend the term of the Agreement to February 29, 2012. (A copy of the February 22, 2012 revised Termination Notice is attached as "Exhibit C").

Select Medical issued this revised Termination Notice in light of Morris Healthcare's continued breach of the payment provision of the Agreement.

19. On or about February 28, 2012, the parties entered into a Payment Agreement which obligated Morris Healthcare to make specific payments to Select Medical from February through July, 2012. (A copy of the February 28, 2012 Payment Agreement is attached as "Exhibit D")

20. Morris Healthcare failed to satisfy the conditions of the Payment Agreement.

21. On or about April 2, 2012, Select Medical served a third Termination Notice, confirming that Select Medical had terminated the Agreement effective Friday, March 30, 2012 in light of Morris Healthcare's breach of the February 28, 2012 Payment Agreement, and pursuant to its terms. (A copy of the April 2, 2012 third Termination Notice is attached as "Exhibit E").

22. At the time of the April 2, 2012 Termination Notice, Morris Healthcare owed Select Medical $339,382.66 for services rendered through March 30, 2012.

23. To date, Morris Healthcare has failed to pay Select Medical for all services rendered at its facility.

### COUNT I – BREACH OF CONTRACT

24. Select Medical restates Paragraphs 11 through 23 as though fully stated herein.

25. The Agreement includes an express payment provision obligating Morris Healthcare to tender payments to Select Medical for services rendered.

26. Morris Healthcare has failed to satisfy the payment provision of the Agreement.

27. Morris Healthcare is, therefore, in material breach of that Agreement.

28. As a result of Defendant Morris Healthcare's breach, Plaintiff Select Medical has sustained damages.

WHEREFORE Plaintiff Select Medical Rehabilitation Services, Inc. requests that this Court enter an order against Defendant Morris Healthcare & Rehabilitation Services, Inc. providing for judgment in its favor in an amount in excess of the jurisdictional limit of $75,000 exclusive of interest and costs; awarding Plaintiff its attorneys' fees as well as court costs; awarding Plaintiff the contractual interest owed by Defendant; and providing for any other just relief.

### COUNT II – BREACH OF FEBRUARY 28, 2012 PAYMENT AGREEMENT

29. Select Medical restates Paragraphs 11 through 23 as though fully stated herein.

30. On or about February 28, 2012, Morris Healthcare agreed to a payment schedule that required certain payments to Select Medical in February through July 2012.

31. The February 28, 2012 Payment Agreement was intended by the parties to amend and supplement the Agreement.

32. Morris Healthcare failed to make the timely payments required by the February 28, 2012 Payment Agreement.

33. Morris Healthcare is, therefore, in material breach of said Payment Agreement.

34. As a result of Defendant Morris Healthcare's breach, Plaintiff Select Medical has sustained damages.

WHEREFORE Plaintiff Select Medical Rehabilitation Services, Inc. requests that this Court enter an order against Defendant Morris Healthcare & Rehabilitation Services, Inc. providing for judgment in its favor in an amount in excess of the jurisdictional limit of $75,000 exclusive of interest and costs; awarding Plaintiff its attorneys' fees as well as court costs;

awarding Plaintiff the contractual interest owed by Defendant; and providing for any other just relief.

### COUNT III – ACTION FOR ACCOUNT STATED

35. Select Medical restates Paragraphs 11 through 23 as though fully stated herein.

36. Throughout the relationship between the parties, Select Medical has rendered invoices constituting statements of account for amounts owed by Morris Healthcare in exchange for services furnished by Select Medical.

37. During this time, Morris Healthcare has retained the aforementioned invoices for a substantial period of time without objection.

38. Morris Healthcare has recognized and acknowledged the correctness of the account, as reflected in the invoices submitted by Select Medical, without contesting same.

39. Morris Healthcare, on numerous occasions, has promised to pay the outstanding balance due and owing to Select Medical.

40. Morris Healthcare's failure to object constitutes an acceptance of the amounts due and owing as reflected in the aforementioned invoices.

41. Morris Healthcare has failed to make payments to Select Medical which has, as a result, sustained damages.

WHEREFORE Plaintiff Select Medical Rehabilitation Services, Inc. requests that this Court enter an order against Defendant Morris Healthcare & Rehabilitation Services, Inc. providing for judgment in its favor in an amount in excess of the jurisdictional limit of $75,000 exclusive of interest and costs; awarding Plaintiff its attorneys' fees as well as court costs; awarding Plaintiff the contractual interest owed by Defendant; and providing for any other just relief.

## COUNT IV – QUANTUM MERUIT

42. Select Medical restates Paragraphs 11 through 23 as though fully stated herein.

43. Pleading in the alternative, Select Medical is entitled to payment for services furnished to Morris Healthcare in quantum meruit.

44. Select Medical furnished valuable services to Defendant, who received and accepted said services.

45. The services furnished by Select Medical were performed non-gratuitously.

46. The circumstances and dealings between the parties are such that it would be unjust for Morris Healthcare to retain the benefits of the services without compensating Select Medical for same.

47. Despite repeated demands, Morris Healthcare has refused and failed to tender the payments due to Select Medical.

48. Select Medical is entitled to recovery of the reasonable value of the services furnished to Morris Healthcare.

49. There exists no justifiable basis for Morris Healthcare's failure to submit payments.

WHEREFORE Plaintiff Select Medical Rehabilitation Services, Inc. requests that this Court enter an order against Defendant Morris Healthcare & Rehabilitation Services, Inc. providing for judgment in its favor in an amount in excess of the jurisdictional limit of $75,000 exclusive of interest and costs; awarding Plaintiff its attorneys' fees as well as court costs;

awarding Plaintiff the contractual interest owed by Defendant; and providing for any other just relief.

### COUNT V – IMPLIED CONTRACT

50. Select Medical restates Paragraphs 11 through 23 as though fully stated herein.

51. Pleading in the alternative, should the Court determine that no express contact exists, then there exists an implied contract between the parties.

52. The circumstances and dealings between the parties establish that Plaintiff Select Medical offered to furnish therapy services to patients of Morris Healthcare in exchange for compensation, and that Morris Healthcare agreed to and accepted Select Medical's offer.

53. There exists consideration in support of the implied contract as well as a meeting of the minds between the parties with respect to the obligations, terms and conditions of the implied contract.

54. The conduct, actions and expressions of Select Medical and Morris Healthcare have created an implied contract between these parties.

55. Pursuant to the implied contract, Morris Healthcare was and remains obligated to compensate Select Medical for services furnished to patients of Morris Healthcare.

56. Despite demands and requests for payment, Morris Healthcare has failed to tender said compensation to Select Medical.

57. Morris Healthcare is, therefore, in material breach of the implied contract.

58. As a result of Defendant Morris Healthcare's breach, Plaintiff Select Medical has sustained damages.

WHEREFORE Plaintiff Select Medical Rehabilitation Services, Inc. requests that this Court enter an order against Defendant Morris Healthcare & Rehabilitation Services, Inc. providing for judgment in its favor in an amount in excess of the jurisdictional limit of $75,000 exclusive of interest and costs; awarding Plaintiff its attorneys' fees as well as court costs; awarding Plaintiff the contractual interest owed by Defendant; and providing for any other just relief.

## JURY DEMAND

Plaintiff demands trial by jury, pursuant to Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

Segal McCambridge Singer & Mahoney, Ltd.

By: /s/ *Chad J. Layton*
Attorneys for Plaintiff
Select Medical Rehabilitation Services, Inc.

Robert E. O'Malley, Esq. (ARDC No. 6193458)
Chad J. Layton, Esq. (ARDC No. 6243339)
Segal McCambridge Singer & Mahoney, Ltd.
233 S. Wacker Dr., Suite 5500
Chicago, Illinois 60606
Phone: (312) 645-7800
Fax: (312) 645-7711