**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Select Medical Rehabilitation Services, Inc., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 12-cv-4662 |
| Morris Healthcare & Rehabilitation Services, Inc., an Illinois corporation, and Morris Healthcare & Rehabilitation Center, LLC, an Illinois limited liability company. | ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR ENTRY OF AGREED CONSENT JUDGMENT**
**AND RULE 69 MOTION FOR DISCOVERY IN AID OF EXECUTION**
**AND COLLECTION OF THE CONSENT JUDGMENT**

Plaintiff Select Medical Rehabilitation Services, Inc. (referred to herein as "Select Medical"), through counsel Segal McCambridge Singer & Mahoney, Ltd., states as follows for its Motion For Entry of an Agreed Consent Judgment and Federal Rule 69 Motion for Discovery In Aid of Execution and Collection of the Consent Judgment against Defendant Morris Healthcare & Rehabilitation Center, LLC (referred to herein as "Morris Healthcare Center"):

**INTRODUCTION**

Plaintiff filed a Complaint seeking recovery for breach of contract when Defendant Morris Healthcare Center failed to compensate Plaintiff for therapy services rendered pursuant to a written contract between the parties. Defendant Morris Healthcare Center has agreed to the entry of a consent judgment, but indicates that it is unable to pay the judgment. Accordingly, Plaintiff seeks entry of the consent judgment, and leave of court to pursue discovery in aid of the

1

execution and collection of that judgment.

# ARGUMENT

## I. DEFENDANT AGREES TO ENTRY OF A CONSENT JUDGMENT.

Defendant Morris Healthcare Center has consented to the entry of a judgment against it in the amount of $473,156.26. A copy of the consent judgment agreed to by the parties is attached hereto as "Exhibit A." A copy of the written correspondence confirming Defendant's consent to this judgment is attached as "Exhibit B." Given that the parties are in agreement that a consent judgment should be entered, both Plaintiff and Defendant request that this Court enter the order attached as Exhibit A.

## II. FEDERAL RULE 69(A) AUTHORIZES PLAINTIFF TO CONDUCT DISCOVERY IN ORDER TO AID ITS COLLECTION AND ENFORCEMENT OF THE CONSENT JUDGMENT.

Defendant Morris Healthcare Center has indicated that it is unable to satisfy the consent judgment once entered. Accordingly, in order to aid its execution and collection of the consent judgment, Plaintiff is requesting leave of court to conduct discovery into this narrow issue.

The federal rules of civil procedure provide as follows:

> **(2) *Obtaining Discovery.*** In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.

FED. R. CIV. PROC. 69(a)(2). Federal law authorizes a judgment creditor, such as Plaintiff, here, to pursue discovery in order to aid its ability to enforce and collect on a judgment. In *Evans v. Chicago Football Franchise Limited Partnership,* 127 F.R.D. 492, 493 (N.D. Ill. 1989), the Northern District confirmed that the federal rules allow for a party to conduct discovery in aid of its efforts to enforce or collect a judgment, and that such discovery can be conducted following

2

the entry of the judgment. The court relied on Rule 69(a) to support its finding that "[i]t is clear from the plain language of the rule that plaintiff may indeed use the federal discovery rules" in order to discover, post-judgment, information concerning defendant's assets, or to otherwise enforce or collect on that judgment. *Id.* The Northern District highlighted the fact that the federal rules authorize a judgment creditor to use the federal discovery rules, or to proceed in a manner that is authorized by state law and practice, and the court rejected the debtor's argument that it was too late to proceed with such discovery following the entry of judgment. *Id.* Finally, the court noted that a judgment creditor can obtain discovery from a judgment debtor or even third parties without the need to file a separate lawsuit or proceeding. *Id.*

The law further provides that, under Rule 69(a), "[t]he presumption is in favor of full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets and otherwise to enforce its judgment. . . ." *ClearOne Communications, Inc. v. Chiang*, 276 F.R.D. 402, 404 (D. Mass. 2011) (citation and internal quotations omitted). Under the prevailing legal standard, a judgment creditor "is entitle to full discovery" of a debtor's "current financial situation, including any assets, income or jointly held property that bear on his ability to satisfy the pending judgment against him." *Id.* See also *Caisson Corp. v. County West Bldg. Corp.*, 62 F.R.D. 331 (E.D. Pa. 1974) (explaining that under Rule 69, "discovery may be had of the judgment debtor or third persons without separate suit and, if discovery is pursued under the federal rules, as in this case, all the discovery devices of the Rules may be used as in the progress of the action. All agree that the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.")

Importantly, federal law recognizes that it is not appropriate to obtain discovery relating to a defendant's assets or ability to satisfy a judgment until <u>after</u> a judgment is entered. As one

3

court has explained:

> Ordinarily, Rule 26 will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence. However, having recovered judgment, [the judgment creditor] may execute on its judgment and inquire as to the escrowed funds in proceedings in aid of execution pursuant to Rule 69. The judgment creditor is permitted discovery in order that he may find out what assets exist or have been fraudulently transferred. In addition, he may use the discovery mechanisms provided under state practice.

*Ranney-Brown Distributors, Inc. v. E. T. Barwick Industries, Inc.*, 75 F.R.D. 3, 4 (D.C. Ohio 1977).

Here, given Defendant's statement that it is unable to pay the consent judgment, once entered, Plaintiff needs to pursue other avenues for collecting this substantial judgment. One of the first discovery tasks which Plaintiff requires is the deposition of Kim Westerkamp, one of the owners of Defendant Morris Healthcare Center. In light of Ms. Westerkamp's prior refusal to appear for her continued deposition, Plaintiff filed a Motion to Compel and for Sanctions on November 15, 2013. (Doc. No. 46). The parties appeared in court for a status hearing with respect to Plaintiff's motion on November 22, 2103 (Doc. No. 48) as well as on January 3, 2014 (Doc. No. 50). While the parties have since reached in agreement concerning the consent judgment, Plaintiff still requires Ms. Westerkamp to appear for deposition in order to aid its collection of the judgment.

Plaintiff needs to pursue discovery in order to investigate whether there is any basis for piercing the corporate veil against Defendant's principals, whether a successor corporation may be liable for the debt at issue, whether Defendant may have transferred any of its assets, and other potential avenues of collection and enforcement. Plaintiff's request is clearly authorized by the law, and Plaintiff would suffer substantial prejudice without the opportunity to conduct

4

discovery. Moreover, because the law precluded Plaintiff from inquiring into such matters prior to judgment, Plaintiff's current request is timely and proper.

## CONCLUSION

WHEREFORE, Plaintiff Select Medical Rehabilitation Services, Inc. requests that this Court enter an order finding that:

1. Plaintiff, Select Medical shall be, and hereby is, awarded judgment from and against Defendant Morris Healthcare & Rehabilitation Center, LLC, in the amount of $473,156.26.

2. The judgment shall bear interest from the date of this judgment until it is paid at a rate equal to fifteen percent (15%) per annum, as provided by the agreement that is the subject of Plaintiff's First Amended Complaint.

3. The February 11, 2014 trial date is stricken.

4. Plaintiff's Rule 69 Motion For Discovery In Aid of Execution and Collection Of its Judgment Is Granted, and Plaintiff is granted leave of court to pursue any and all discovery that is allowed under the law.

5. Any and all judgment debtors will be subject to liability for any and all attorneys' fees and costs incurred by Plaintiff during discovery, as provided by the agreement that is the subject of Plaintiff's First Amended Complaint.

6. Nothing in the Court's order shall prevent Plaintiff from amending the consent judgment as may be necessary to include any additional judgment debtors who may be identified during the course of discovery, nor shall the Court's order prevent Plaintiff from amending its complaint as may be necessary to add new parties and/or new causes of action that may be identified during discovery and as may be necessary to enforce and/or collect its judgment.

7. Plaintiff is entitled to any other just relief.

>Respectfully submitted,
>
>Segal McCambridge Singer & Mahoney, Ltd.
>
>By:   /s/ *Chad J. Layton*
>        Attorneys for Plaintiff
>        Select Medical Rehabilitation Services, Inc.

Robert E. O'Malley, Esq. (ARDC No. 6193458)
Chad J. Layton, Esq. (ARDC No. 6243339)
Segal McCambridge Singer & Mahoney, Ltd.
233 S. Wacker Dr., Suite 5500
Chicago, Illinois 60606
Phone: (312) 645-7800
Fax: (312) 645-7711